CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:   (408) 295-9555
Facsimile:   (408) 295-6606

ATTORNEYS FOR Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>NOVASOLAR, INC., dba Novasolar Technologies, Inc.,<br><br>           Debtor. | Case No. 12-54528<br><br>CHAPTER 11<br><br>**STATUS CONFERENCE STATEMENT**<br><br>**Date: February 7, 2013**<br>**Time: 11:00 a.m.**<br>**Location:**<br>   United States Bankruptcy Court<br>   280 S. First St.<br>   San Jose, CA 95113 |

COMES NOW, Debtor and Debtor-in-Possession NOVASOLAR, INC., dba NovaSolar Technologies, Inc., Debtor and Debtor-in-Possession ("Debtor" or "Technologies") and submits this Status Conference Statement as an update to Debtor's prior Status Conference Statements and associated Status Conferences:

**I.     Debtor's Sale of Assets.**

**A. Physical Assets.**

Pursuant to Debtor's planned liquidation it has, pursuant to orders from this court, sold all of its physical assets. From June 2012 through November 2012 and by way of several court approved transactions Debtor sold various physical assets for a total of $216,000 for the benefit of Debtor's estate. In December 2012 Debtor sold, through a court approved auction and auctioneer, the remainder of its physical assets for $637,077.02 which, after

payment of the auctioneer's commission/expenses, resulted in $577,977.02 to the Debtor's estate[12]. Prior to the auction Hilco, the auctioneer, had forecast that the auction would generate between $1 million and $1.5 million. Although the auction was well marketed and had numerous bidders, the market for used solar manufacturing equipment was poor for all of 2012, remains poor, and is likely to remain poor for much of 2013.

### B. Debtor's Non-Physical Assets.

Debtor's remaining assets are 'non-physical' and consist of its claim against NovaSolar Holdings Limited ("Holdings") and miscellaneous intellectual property.

As discussed in greater detail below, Debtor believes it has reached an agreement with Holdings which would resolve Debtor's claim against NovaSolar Holdings. At this time Debtor does not anticipate the sale of its own intellectual property would provide substantial benefit to the Debtor's estate.

## II. Debtor's Continued Compliance With Bankruptcy Court And UST Requirements.

Debtor has complied with all bankruptcy Court and UST requirements. On July 10, 2012, Debtor, through its CEO Darien Spencer and its Secretary and court appointed Responsible Individual Marvin Keshner, attended an Initial Debtor Interview ("IDI") conducted by the US Trustee. As part of the IDI the Debtor was asked to provide various documents, which the Debtor did provide, and to review various schedules for amendment.

On July 18, 2012, Debtor, through its CEO Darien Spencer and its Secretary and court appointed Responsible Individual Marvin Keshner, attended the Meeting of Creditors.

Debtor is current with its Monthly Operating Reports. Debtor is current on all UST fees.

//

---

[1] A Summary Re: Debtor's Motion to Sell at Auction Personal Property Free and Clear of Liens and Pay Auctioneer summarizing the auction results was filed on January 18, 2013 (Docket#102).

[2] As Debtor did not receive all the auction proceeds until January 2013, Debtor's December 2012 Monthly Operating Report (Docket#101) does not reflect the total monies held by the Debtor.

### III. Estate's Need For and Payment Of Professionals.

Debtor has secured court authority to employ some professionals, including attorneys, accountants, 'consignment' personnel, and auctioneer. At this time Debtor does not anticipate the need to employ additional professionals.

Debtor has paid the 'consignment personnel and auctioneer pursuant to the orders employing those professional and related orders approving the sale of assets. Debtor has paid the order for compensation of its attorney.

Debtor anticipates filing an application to pay the previously employed accountants, who are in the process of completing their original assignment of preparing and filing Debtor's tax returns, within the next two weeks.

### IV. Adversary Proceeding.

**A. Arden.**

Debtor has secured a stipulated judgment voiding the various lien claim asserted by its former landlord, Arden Realty, relative to an unlawful detainer judgment and an underlying state court action (pursuant to 11 U.S.C. 547).

**B. Holdings/Potential Compromise.**

Holdings is a British Virgin Island Company located in Hong Kong, is Debtor's 100% shareholder, and pre-petition was the source of Debtor's funding. Pre-petition, Debtor worked with Holdings to insure that adequate funding was available from Holdings for the Debtor's operations, employment of personnel, and commencement of construction at its leased facility and thereon proceeded to operate, employ personnel, and commence construction on its leased facility. Holdings, for example, reviewed and approved budgets, made decisions relative to Debtor's staffing levels, equipment purchases, leases, and construction. Funds were transferred from Holdings to the Debtor for payroll and other expenses as needed-sometimes months in advance and others as needed. Debtor was consistently assured that funding from Holdings for Debtor's continued operation was forthcoming. However, in late November 2011, the promised funding from Holdings did not arrive. The absence of the promised funding from Holdings left Debtor without the ability to

fully operate, pay its employees and associated payroll, pay its general contractor, and pay other operational expenses. Debtor was unable to secure additional funding prior to commencement of this case.

Debtor anticipated filing an adversary proceeding against Holdings to recovery damages relating to Holdings' failure to honor the obligations to provide the Debtor with funding.

During the pendency of this case Debtor has continued to discuss with Holdings a potential resolution of the dispute and Holdings' ability to fund any potential resolution.

At this time Debtor believes it has reached an agreement with Holdings and anticipates completion of a formal, written agreement within the next few weeks and the filing of a motion to approve said compromise immediately thereafter. Arden, Debtor's former landlord, is prosecuting a state action against Holdings and is part of the agreement.

The basic terms of the agreement are as follows: Holdings will engage in good faith efforts to sell its U.S. Patents (5) and Patents Pending through July 1, 2013; form an escrow account to hold the proceeds of any sales; upon completion of the sales, Debtor will have the option to accept or decline the payment of 1/3 of the sales proceeds (1/3 to Holdings, 1/3 to Arden, and 1/3 to Debtor); and if Debtor accepts the 1/3 payment then Holdings and Debtor will release all claims against one another. In the interim and through July 1, 2013 (or such time as Debtor does not accept the 1/3 payment) Holdings and Debtor will not take any action against the patents or one another.     At this time Debtor anticipates that Holdings' intellectual property could sell for $100,000-$200,000, which, assuming an applicable commission, would result in a recovery by the Debtor between $25,000-$53,000[3].

If the Debtor does not accept the 1/3 payment then Debtor will be free to assert its claims against Holdings.

**V.  Chapter 11 Plan And Prospective Timing.**

Debtor believes it is ready to file a disclosure statement and plan and that such can be

---

[3] Holdings is not precluded from selling its intellectual property directly and avoiding commissions.

filed by the end of February 2013. Debtor's basic plan of reorganization is two-fold: (1) distribute 90% of the monies on hand pursuant to statute and (2) make a subsequent distribution upon receipt of monies from the sale of Holdings' intellectual property.

Debtor anticipates that given its cessation of business occurred on April 1, 2012 that the majority of the monies on hand will be paid to its priority creditors.

**VI. Conclusion.**

Debtor requests the court continue this Status Conference for sixty days.

Dated: February 1, 2013　　　　　　　　　Campeau Goodsell Smith
　　　　　　　　　　　　　　　　　　　　/s/ William J. Healy
　　　　　　　　　　　　　　　　　　　　William J. Healy