EDWINA E. DOWELL, # 149059
Assistant U.S. Trustee
JOHN S. WESOLOWSKI, # 127007
EMILY S. KELLER, #264983
Office of the United States Trustee
U. S. Department of Justice
280 S. First Street, Suite 268
San Jose, CA 95113-0002
Telephone: (408) 535-5525
Fax: (408) 535-5532

Attorneys for August B. Landis
Acting United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>NOVASOLAR, INC.,<br><br><br>Debtor. | Case No. 12-54528 CN<br><br>Chapter 11<br><br><br>Date: April 12, 2013<br>Time: 2:00 p.m.<br>Place: Courtroom 3070 |

**MOTION BY UNITED STATES TRUSTEE TO CONVERT**
**CHAPTER 11 CASE**

PLEASE TAKE NOTICE that at the date and time specified above, at the United States Bankruptcy Court, 280 S. First Street, San Jose CA 95113, the United States Trustee (the "UST") will, and hereby does, move the Court for the entry of an order to convert the above-captioned case to a case under Chapter 7 pursuant to 11 U.S.C. Section 1112(b).

In support of this motion the UST requests the Court to take judicial notice of its own records in the case. Fed. R. Evid. 201, made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017.

The UST brings this motion on the grounds that the Debtor is in liquidation mode and has no ability to reorganize. It is not conducting any business, its assets have been sold, and the administrative costs are depleting what value there is left in the Debtor. There is no reason for

the Debtor to remain in chapter 11. The case should be converted to allow an independent Chapter 7 trustee to (a) examine the postpetition payments to the Debtor's consultants and others, (b) examine the proposed settlement with Debtor's parent, NovaSolar Holdings Limited ("Holdings"), and (c) more efficiently administer the case for the benefit of the creditors, primarily former employees.

I.  **FACTS**

NovaSolar, Inc. (the "Debtor") filed for relief under chapter 11 of the United States Bankruptcy Code on June 15, 2012.

This case is a liquidation case. In its latest status conference statement, Debtor states that it has sold all of its physical assets, and the remaining assets are a claim against Holdings and miscellaneous intellectual property. *Status Conference Statement* filed 2/1/13, pp. 1 [Docket #108]. In its bankruptcy schedules, Debtor valued its claim against Holdings at $4.5 million, and the intellectual property at $750,000. *Schedule B*. As described by the Debtor, the claim against Holdings arises from Holdings' failure to honor its funding obligations to the Debtor, which left the Debtor unable to pay its payroll and other operational expenses. *Status Conference Statement* filed 2/1/13, pp. 4-5.

Schedule E filed by the Debtor indicates that there are employee wage claims of $3,255,011. *Schedule E*. Much of this is or may be priority debt.

Debtor has filed an application to approve a settlement with Holdings that would require Holdings to sell certain patent and pending patents. *Application to Compromise Controversy*, filed 2/12/13. The sale proceeds would be split, such that Debtor would receive one-third of the net proceeds. In return, Debtor would release Holdings and a related entity called NovaSolar Limited. The Debtor states that it believes the patent rights are valued between $0 and $200,000. Debtor would also have the option to not accept the one-third payment, in which case there would be no release. The hearing on the proposed compromise is set for April 12, 2013. It is not known if the patents to be sold are the same intellectual property claimed by the Debtor in schedule B to be worth $750,000.

The most recent monthly operating report filed in this case (for January 2013) indicates that the Debtor holds $433,188 in its accounts. The Statement of Cash Receipts and Disbursements for January 2013 reports that income from sales to date has been $790,829, while total cash expenses have been $411,818. These expenses do not include accounting fees of $15,486 (fee application set for 4/16/13) or attorney's fees incurred since 11/1/12 by Debtor's counsel. Salaries paid to officers during the chapter 11 case have totaled $126,000 to date, and other salaries/commissions have been $81,500. The total salary expense for this company -- that has not operated during the 8 months it has been in chapter 11 -- is $207,500.

## II. DISCUSSION

A bankruptcy court has the authority to order a chapter 11 case be dismissed or converted if cause is shown and if the Court finds that dismissal or conversion is in the best interest of creditors of the estate. Specifically, § 1112(b)(1) provides:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

Section 1112(b)(4) of the Bankruptcy Code enumerates circumstances constitute cause including:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (B) gross mismanagement of the estate;
>
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; . . .
>
> (E) failure to comply with an order of the court;
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

  (G) failure to attend the meeting of creditors convened under section 341(a) ... without good cause shown by the debtor;

  (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee;

  (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order of relief;

  (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by the court;

  (K) failure to pay any fees or charges required under chapter 123 of title 28; . . .

The factors enumerated in 11 U.S.C. § 1112(b) are not exhaustive, and a court is permitted to "consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." *In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir. BAP 2000) (citation omitted).

  Here, the Debtor is in a liquidation mode and has no ability to reorganize. There is no reasonable likelihood of rehabilitation. It has admitted that it has sold all of its physical assets, and the only assets that remain are its intellectual property rights and its claim against Holdings. And it proposes to conditionally settle the Holdings claim, which it valued at $4.5 million in its bankruptcy schedules, for a one-third share of a potential sale of certain patent rights worth between $0 and $200,000. While as a practical matter that may be all that the Holdings claim is worth, an independent trustee should have an opportunity to evaluate the claim and whether the Holdings settlement makes economic sense.

  In addition, the administrative costs of this estate are significantly depleting the estate's assets. While the Debtor has been successful in generating $790,829 in asset sales, the cost has been enormous. Per the January 2012 MOR, the administrative costs to date are $433,818. This does not include accounting fees of $15,486 (fee application set for 4/16/13) or attorney's fees incurred since 11/1/12 by Debtor's counsel. This continuing loss to and diminution of the

estate, coupled with the lack of a reasonable likelihood of rehabilitation or reorganization, constitutes cause to convert the case to Chapter 7. 11 U.S.C. § 1112(b)(4)(A).

Finally, the Debtor has scheduled over $3 million in unpaid wages. *Schedule E*. Much of this may be priority debt. Under the circumstances, it would be prudent for an independent trustee to examine the propriety of the proposed Holdings settlement and the salary payments to officers to ensure that the former employees and creditors are getting the best deal possible.

### III. CONCLUSION

For the above reasons, the UST asserts that cause exists to convert this case to chapter 7, and respectfully requests the Court to convert the case to Chapter 7, and for such other relief as the Court deems just and proper.

Dated: March 4, 2013                                        Respectfully submitted,

By:  */s/ John S. Wesolowski*
     John S. Wesolowski
     Attorney for United States Trustee